UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF IDAHO FALLS, a municipal corporation; TAUTPHAUS PARK ZOO, a department of the City of Idaho Falls; RAYMOND PROBERT, an employee of the CITY OF IDAHO FALLS and TAUTPHAUS PARK ZOO; LINDA BEARD, in her official capacity as Tautphaus Park Zoo Supervisor; and ALYSSA ROD, in her official capacity as Tautphaus Park Zoo Supervisor,<br><br>        Defendants. | Case No. 4:14-cv-00550-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Currently pending before the Court is Defendant Raymond Probert's ("Probert") Motion for Discovery and to Present Rebuttal Evidence (Dkt. 85), and Motion for Determination of Joint Liability and to Assert Offset as an Affirmative Defense (Dkt. 86). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court DENIES both motions.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

This action relates to an abuse claim between a female minor (Davis) and an adult, male co-worker (Probert). Davis filed her Complaint on December 23, 2014, alleging a variety of state and federal claims against various defendants, including Probert. Dkt. 1. The claims alleged against Probert were: Damages for Depravation of Federal Rights under 42 U.S.C. 1983; Tort in Child Abuse under I.C. § 6-1701; Negligence; Negligent Infliction of Emotional Distress; and Intentional Infliction of Emotional Distress. *Id.* Davis seeks relief in the form of general and special damages "in an amount to be proven at trial" as well as costs and attorney fees. *Id.* at p. 12-13.

On March 24, 2015, Probert was served with service of process. Dkt. 61.1. Davis partially settled her claims against all of the defendants except Probert. Accordingly, on May 1, 2017, United States District Judge Edward Lodge dismissed the case with prejudice as to all defendants except Probert. Dkt. 60. On August 1, 2017, Davis filed her motion for Entry of Default against Probert. Dkt. 62. On August 2, 2017, United States Magistrate Judge Candy Dale granted Davis's motion and ordered the clerk to enter Probert's default under Federal Rule of Civil Procedure 55(a). Dkt. 62. Also on August 2, 2017, Probert's counsel filed a notice of appearance. Dkt. 63. However, Probert did not move to set aside the default.

On April 4, 2018, Davis filed a second Motion for Entry of a Default and Request for a Default Judgment Evidentiary Hearing/Trial. Dkt. 72. On April 10, 2018, the Court granted Davis's motion and ordered the clerk to enter default. Dkt. 73. The Order permitted Davis to "present evidence of her damages" and permitted Probert "to cross-

MEMORANDUM DECISION AND ORDER - 2

examine witnesses regarding the mitigation of damages." *Id.* On April 13, 2018, the Clerk entered default as to Probert. Dkt. 74.

On April 27, 2018, Probert filed a response to Davis's motion for entry of default, arguing that he "is entitled . . . to present evidence on his own behalf in mitigation of the damages, and is not circumscribed to simply cross-examining the damages witnesses that Plaintiff may choose to call at the damages trial." Dkt. 75. On June 6, 2018, Davis replied to Probert's Response. Dkt. 76.

On June 7, 2018, Probert filed a motion to strike Davis reply. Dkt. 77. On July 12, 2018, Judge Dale denied Probert's motion to strike as moot because "a final order had already issued regarding the entry of default, Defendant's filing, submitted as a response to the underlying motion, was procedurally inappropriate, as were the later filings made by the parties in connection with Defendant's response." Dkt. 82 p. 2.

The case was then assigned to United State District Judge David Nye on June 7, 2018 (Dkt. 79), and on January 15, 2019, the Court issued its order setting a default judgment evidentiary hearing for May 8, 2019. Dkt. 83. On January 24, 2019, the Court reset the hearing for May 23, 2019. Probert then filed the two instant motions.

### III. APPLICABLE LAW

Rule 55 of the Federal Rules of Civil Procedure states that "[t]he court *may* conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. Pro. 55(b) (emphasis added). Thus, default judgement hearings on damages may be conducted at the discretion of the Court.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *See* Fed. R. Civ. P 55(b)(2); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977). Where, as here, a plaintiff's damages are not capable of ascertainment from definite figures contained in documentary evidence or detailed in affidavits, they require "proving up" through an evidentiary hearing or some other means. *Dolphin v. Ruiz*, 2008 WL 4552940, at *3 (C.D.Cal. 2008) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323–24 (7th Cir.1983)). A plaintiff's burden "in 'proving up' damages is relatively lenient." *Elektra Entm't Grp., Inc. v. Bryant*, 2004 WL 783123, at *2 (C.D. Cal. 2004) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). Injury is admitted upon default, but the plaintiff "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled." *Wu v. Ip*, 1996 WL 428342, at *1 (N.D. Cal. 1996) (citing *Greyhound*, 973 F.2d at 159).

## IV. DISCUSSION

As noted above, Judge Lodge already outlined the scope of the upcoming hearing on damages. He determined that Davis could "present evidence of her damages" and Probert could "cross-examine witnesses regarding the mitigation of damages." Dkt. 73. Probert failed to move the Court to set-aside the default, and Judge Lodge's order remains in effect.

Probert, however, argues that due process rights exist for defaulting defendants during default judgement hearings for damages. He contends that these rights allow him to present his own evidence at the hearing. In support of this position, Probert relies on

*Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, 226 F. Supp. 3d 1141 (D. Or. 2016). In that case, the district court held that "[e]ven though there is disagreement regarding a defaulting party's right to notice of a damages hearing, courts generally agree that a defaulting party has "the right to participate in such a hearing." *Id.* quoting B. Finberg, Annotation, *Defaulting Defendant's Right to Notice and Hearing as to Determination of Amount of Damages*, 15 A.L.R. 3d 586 (1967). The District Court Judge further held that a defaulting defendant "may cross-examine the opposing witnesses and introduce evidence on his own behalf in mitigation of the damages." *Id.*; *see also Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) (concluding that exclusion of the defendant's evidence was proper because it went to liability rather than damages); *OIRE Oregon C, LLC v. Yaldo*, No. CV 08-724-ST, 2008 U.S. Dist. LEXIS 96265, 2008 WL 5071709, at *1 (D. Or. Nov. 25, 2008) (holding that a defendant in default was entitled to be heard on the issue of damages). *Rubicon Glob. Ventures, Inc.*, 226 F. Supp. 3d 1147.

The Court agrees that Probert has a right to participate in the upcoming hearing. However, the Court will limit his participation to cross-examining Davis's witnesses. While the *Rubicon* court allowed the defaulted party to take a more involved role at a similar hearing, that decision is not binding upon this Court. Nor is the American Law Review article or other caselaw the *Rubicon* Court relied upon in reaching its conclusion overly persuasive regarding a defaulted party's right to a more involved role at such hearings.

MEMORANDUM DECISION AND ORDER - 5

Ultimately, the Court finds it best to uphold Judge Lodge's prior order that already determined the scope of the hearing on damages. This still allows Probert to participate in the hearing by cross-examining witnesses, but the Court will not allow him to present his own evidence. Nor does the Court find that Probert is entitled to conduct discovery in this matter. These are consequences Probert must live with for his failure to participate prior to entry of default.

Upon default, defendants do not possess the same constitutional rights as non-defaulting defendants. *See Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) (holding that the Seventh Amendment right to trial by jury trial does not survive a default judgement). Prior to his default, Probert had the right to conduct discovery, but he chose to not participate in the proceedings or contest his default. The Court will not allow Probert to now re-open discovery and further drag out these proceedings. Accordingly, the Court DENIES Probert's Motion for Discovery and to Present Rebuttal Evidence (Dkt. 85).

As for Probert's Motion for Determination of Joint Liability and to Assert Offset as an Affirmative Defense (Dkt. 86), Plaintiff correctly points out that such a motion is better suited for consideration after the Court has determined what damages, if any, Plaintiff is entitled to. *See City of San Jose v. Price Waterhouse*, 990 F.2d 1256 (9th Cir. 1993) ("[T]here is ample precedent for deferring the offset issue until after the determination of the merits."). Thus, the Court DENIES this motion (Dkt. 86) WITHOUT PREJUDICE. Probert may file a similar motion following the Court's decision regarding damages.

MEMORANDUM DECISION AND ORDER - 6

# V. ORDER

1.  Probert's Motion for Discovery and to Present Rebuttal Evidence (Dkt. 85) is
    DENIED.

2.  Probert's Motion for Determination of Joint Liability and to Assert Offset as an
    Affirmative Defense (Dkt. 86) is DENIED WITHOUT PREJUDICE.

DATED: May 22, 2019

David C. Nye
Chief U.S. District Court Judge