UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS, a municipal corporation; TAUTPHAUS PARK ZOO, a department of the City of Idaho Falls; RAYMOND PROBERT, an employee of the CITY OF IDAHO FALLS and TAUTPHAUS PARK ZOO; LINDA BEARD, in her official capacity as Tautphaus Park Zoo Supervisor; and ALYSSA ROD, in her official capacity as Tautphaus Park Zoo Supervisor<br><br>    Defendants. | Case No. 4:14-cv-00550-DCN<br><br>**ORDER ADOPTIONG REPORT AND RECOMMENDATION** |

# I. INTRODUCTION

On December 27, 2019, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") (Dkt. 100), recommending that Plaintiff Brianna Davis' Motion to Enforce Settlement (Dkt. 94) be granted.

Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the report and recommendation within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). No objections have been filed in this case and the matter is now ripe for the Court's consideration.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise . . . . [T]o the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Further, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (stating that objections are waived if they are not filed within fourteen days of service of the report and recommendation). Thus, "[w]hen no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## III. DISCUSSION

The relevant procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order.

This Court has reviewed the entire Report for clear error and finds none. Moreover, this Court agrees with the Report's discussion of the applicable law, analysis, reasoning, and conclusions. For these reasons, the Court will adopt the Report and grant the respective Motion to Enforce Settlement.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation entered on December 27, 2019 (Dkt. 100) is **ADOPTED IN ITS ENTIRETY**

2. Davis' Motion to Enforce Settlement (Dkt. 94) is **GRANTED**

3. Within fourteen (14) days of the date of this Order, the remaining parties must execute Davis' proposed Settlement and Release Agreement (Dkt. 97-4) and satisfy the terms as stated therein.

DATED: January 28, 2020

David C. Nye
Chief U.S. District Court Judge